## Taggart v. Norristown-Penn Trust Company

*J. Herbert Egan,* for plaintiff; *H. I. Fox,* for defendant.

*George Wanger,* for William C. Irvin, trustee in bankruptcy, claimant.

*Foulke, Foulke & Duffy,* for Anna M. and Flora T. Magee, claimants.

KNIGHT, P. J., January 12, 1934.—Anna Gertrude Taggart was indebted to Norristown-Penn Trust Company and had assigned to the trust company, as collateral for her debt, certain policies of insurance on her life.

On September 6, 1930, Miss Taggart executed and delivered to Anna M. Magee and Flora T. Magee an assignment of her equities in the above policies.

On September 12, 1930, Miss Taggart was adjudicated a voluntary bankrupt, and William C. Irvin was appointed trustee of her bankrupt estate.

On March 2, 1932, Miss Taggart died, leaving a will in which she appointed E. Charles Taggart as her executor.

Upon the death of Miss Taggart, Norristown-Penn Trust Company collected from the insurance companies the various amounts of insurance due under the policies held by the trust company on her life. The aggregate amount was sufficient to pay the trust company in full and leave a balance of $767.88. This balance was claimed by Anna and Flora Magee under the above-mentioned assignment; by William C. Irvin, the trustee in bankruptcy, and by the executor of Anna Gertrude Taggart. The last-named brought suit against the trust company, which secured a rule upon all the claimants to show cause why they should not interplead and why leave should not be granted the trust company to pay the money into court, less reasonable counsel fees and expenses. This rule was made absolute, except as to counsel fees and costs. This question was reserved by the court and was ordered on the argument list. After hearing argument, the matter is now before us for decision.

This question arises under the Interpleader Act of March 11, 1836, P. L. 76. Section 4 provides:

"The defendant in any action which shall be brought in the said court for the

recovery of money, or of any goods or chattels, or the value thereof in damages, which shall have come lawfully to his hands or possession, may, at any time after declaration filed, and before plea pleaded by a suggestion to be filed of record, disclaim all interest in the subject matter of such action, and offer to bring the same into court, or to pay or dispose thereof as the court shall order, and if he shall also alledge under oath or affirmation, that the right thereto is claimed by, or supposed to.belong to some person not party to the action, (naming him or them,) who has sued or is expected to sue for the same, or shall shew some probable matter to the court to believe that such suggestion is true, the said court may, thereupon, order the plaintiff to interplead with such third person, and make such rules and orders in the cause, and issue such process for the purpose of making such third person party to the action, and for carrying such proceeding to interplead into full and complete effect, and may render such judgment or judgments thereon, as shall be agreeable to the rules and practices of the law in like cases."

Counsel for the petitioner states in his brief: "While there is no specific reference in the act to the allowance of counsel fee or costs, still the court has the right, under the act, to dispose of the proceeds paid into court, 'as the Court shall order', and 'make such rules and orders in the cause . . . as shall be agreeable to the rules and practices of the law in like cases.' These phrases give the court discretionary powers to allow from the payment of the fund such sums for costs, expenses, counsel fee, or any other purposes as seem legitimate and equitable to the court."

This is persuasive argument, but we cannot overlook the fact that we have before us a statute dealing with situations in which one or more parties claim money in the hands of a disinterested person. The purpose of the legislation was to relieve the innocent stakeholder from the danger of double liability and from the expense of litigation. The act was passed for the benefit of the stakeholder, and if the legislature intended that he should be entitled to counsel fees and expenses it would have said so, as it did in the case of garnishees. See Acts of April 22, 1863, P. L. 527, June 11, 1885, P. L. 107, and April 29, 1891, P. L. 35.

In actions at law, counsel fees are not part of the costs of the case, and he who asks for such fees to be paid from the money of another must point to some plain statutory authority for such payment. To read such authority into the Act of 1836, supra, is, in our opinion, to stretch the provisions of that statute beyond their intendment.

We have been unable to find any case in which this question has been considered by our appellate courts, and only two cases in the lower courts in which the exact point has been discussed. Judge Ferguson of Philadelphia County, in Young v. Masonic Life Assn., 28 Dist. R. 415, fully considered the matter, and held that counsel fees and expenses could not be allowed under the Act of 1836. Judge Endlich of Berks County, in Colonial Trust Co., Guardian, v. Scranton Life Ins. Co., Inc., 30 Dist. R. 954, took the same view. We have the highest respect for the opinion of these two able and long-experienced judges.

It is true that counsel fees were allowed in the following cases: Loughlin v. McCormick, 2 W. N. C. 352; Fingal v. Penn Mutual Life Ins. Co., 7 D. & C. 511; Trasoff v. Yale Building & Loan Assn., 14 D. & C. 793; but in none of these cases was the question considered at all, and, so far as the reports show, the allowance of counsel fees may have been a matter of agreement between the parties.

And now, January 12, 1934, the rule of May 19, 1933, insofar as it relates to counsel fees and expenses of Norristown-Penn Trust Company, is discharged.

From Aaron S. Swartz, Jr., Norristown. Pa.